# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SANDRA FEVA

    Plaintiff,

v.

TONY CAMILLO and CECILE BARKER, d/b/a
VENTURE SOUNDS, INC.,
TC PRODUCTIONS, INC.,
VENTURE MUSIC GROUP,
HOT PRODUCTIONS, INC.,
CORY ROBBINS d/b/a ROBBINS ENTERTAINMENT LLC,
AND JOHN DOES AND
AGENTS, Individuals and Corporations,
    Jointly and Severally,

    Defendants.

MAGISTRATE JUDGE GOLD

Honorable GEORGE E. WOODS
Case No. 00-74882

---

GREGORY J. REED (P24750)
Gregory J. Reed & Associates, P.C.
Attorney for Plaintiff
1201 Bagley
Detroit, MI 48226
(313) 961-3580

---

**VERIFIED COMPLAINT FOR BREACH OF CONTRACT
AND FIDUCIARY OBLIGATION, MISAPPROPRIATION,
UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST
WITH REQUEST FOR INJUNCTIVE RELIEF/SHOW CAUSE**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any civil action, between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having between assigned to a judge in this court.

**NOW COMES** Plaintiff, Sandra Feva, by and through her attorneys Gregory J. Reed & Associates, P.C., and hereby complains against Defendants, Tony Camillo And Cecile Barker, D/B/A, Venture Sounds, Inc., TC Productions, Inc., Venture Music Group, Hot Productions, Inc., Cory Robbins D/B/A Robbins Entertainment, L.L.C., as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, diversity of citizenship, and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000).

## PARTIES

2. Plaintiff hereby incorporates by reference paragraphs 1, as though fully stated herein.

3. Plaintiff, Sandra Feva, hereinafter referred to as "Plaintiff," is a recording artist conducting business in the City of Detroit, Michigan.

4. Defendants, Tony Camillo And Cecile Barker, d/b/a Venture Sounds, Inc., hereinafter referred to as "Defendants," are producers and jointly doing business as a California corporation, duly organized and existing under the laws of the state of California, and having its principal place of business at 6430 Sunset Boulevard, Suite 816, Los Angeles, California, 90028.

5. Defendants, TC Productions, Inc., hereinafter referred to as "Defendants," is a New Jersey corporation, duly organized and existing under the laws of the state of New Jersey, and having its principal place of business at 121 Meadowbrook Drive, Somerville, New Jersey 08876.

2

6. Defendants, Venture Music Group, hereinafter referred to as "Defendants," is a New York corporation, duly organized and existing under the laws of the state of New York, and having its principal place of business at 8802 Ridge Blvd, E5, Brooklyn, New York, 11209.

7. Defendants, Hot Productions, Inc., hereinafter referred to as "Defendants," is a Florida corporation, duly organized and existing under the laws of the state of Miami, and having its principal place of business at 1450 N.W. 159th Street, Miami, Florida 33169.

8. Defendants, Cory Robbins d/b/a Robbins Entertainment, L.L.C., hereinafter referred to as "Defendants," is a New York corporation, duly organized and existing under the laws of the state of New York, and having its principal place of business at 30 West 21 Street, New York 10010.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiff hereby incorporates by reference paragraphs 1-8, as though fully stated herein.

10. Plaintiff now and was at all times relevant hereto a professional recording artist.

11. Beginning in 1979, Plaintiff entered into a series of agreements with Defendants, Tony Camillo and Cecile Barker, in which Plaintiff recorded songs and created masters with Defendants in exchange for payments.

3

## MUSICIAL COMPOSITIONS

a) "Savoire Faire" – album

b) "The Need to Be" – album

c) "Three Times a Man" – single

d) "He Gives Me Love" – single

12. As to Plaintiff's and Defendants' agreement, Defendants had a fiduciary obligation as a trustee to Plaintiff.

13. Pursuant to the terms of the agreement, Plaintiff gave Defendants the exclusive selling rights as agents for certain musical compositions performed by Plaintiff.

14. In addition, per the agreement, Plaintiff is entitled to performer's royalties payment and periodic accountings from Defendants' licenses granted to third parties.

15. Plaintiff has duly performed all the terms and conditions of the agreement on her part to be performed.

16. Defendants have not duly performed all the terms and conditions of the agreement on their part and have breached their contractual obligations to Plaintiff.

17. Specifically, Defendants have breached their contractual obligations with Plaintiffs by not providing royalties payments or the accounting thereof since 1979 to the present.

18. Defendants have also breached their contractual obligations with Plaintiff by failing to meet their fiduciary obligations to Plaintiff.

19. Since acquiring interest under the agreement with Plaintiff, Defendants Tony Camillo and Cecile Barker, have continued to issue licenses to Plaintiff's musical

4

compositions to third parties without Plaintiff's granting of such licensing rights and without Plaintiff's knowledge of such licensing to third party producing companies.

20. However, Defendants have evaded as to licensing any musical compositions to other producing companies from 1979 – present.

21. Defendants, Tony Camillo and Cecile Barker, have continued to license and distribute master recordings to Defendants, TC Productions, Inc., Venture Music Group, Hot Productions, Inc., and Robbins Entertainment, L.L.C., and other third parties.

22. Said failures, misrepresentations and misconduct of Defendants constitute a material breach of contract.

23. As a direct and proximate result of these acts of breach of contract, Plaintiff has been damaged in the amount to be determined at trial, but believed to be in excess of Seventy-five Thousand Dollars ($75,000).

24. Said Defendants continue to license and distribute Plaintiff's musical compositions without paying Plaintiff her royalties payments from 1979 – present.

## COUNT II
## MISAPPROPRIATION

25. Plaintiff hereby incorporates by reference paragraphs 1 – 24 as though fully stated herein.

26. Plaintiff's musical compositions are original compositions performed solely by Plaintiff to which Plaintiff holds a beneficial ownership in the title.

27. Defendants have misappropriated Plaintiff's copyright by licensing other companies to reproduce and use this composition in other works and collecting fees derived therefrom.

28. As a direct and proximate result of these acts of misappropriation, Plaintiff has been damaged in the amount to be determined at trial, but believed to be in excess of Seventy-five Thousand Dollars ($75,000).

29. In committing the acts of misappropriation alleged herein, Defendants have acted to oppress Plaintiff's rights in a fraudulent and malicious manner for which Plaintiff is entitled to entry of award of punitive damages.

## COUNT III
## UNJUST ENRICHMENT

30. Plaintiff hereby incorporates by reference paragraphs 1 – 29 as though fully stated herein.

31. As a result of the breach of contract and misappropriation, Defendants have received money, other valuable property, and profits at the expense of Plaintiff, and for which Plaintiff has failed to receive consideration and monies paid over to Defendants and third parties.

32. Defendants have therefore been unjustly enriched, individually and collectively, to the detriment of Plaintiff.

33. Because of the unjust enrichment of Defendants, Plaintiff has been damaged in an amount to be determined at trial, but believed to be in excess of Seventy-five Thousand Dollars ($75,000).

## COUNT IV
## ACCOUNTING OF ROYALTIES

34. Plaintiff hereby incorporates by reference paragraphs 1 – 32 as though fully stated herein.

35. Defendants have collected monies from Plaintiff unlawfully.

36. Defendants have failed to account to Plaintiff for any monies Defendants have collected.

37. Because of the failure to account for royalties, Plaintiff has been damaged in an amount to be determined at trial, but believed to be in excess of Seventy-five Thousand Dollars ($75,000).

**WHEREFORE**, Plaintiff prays for judgment against Defendants jointly and severally, and respectfully requests that this Honorable Court:

1. Award Plaintiff in excess of Seventy-five Thousand Dollars ($75,000) in damages due to Plaintiff.

2. Order Defendants to examine books and records and to account Plaintiff for all monies received or receivable by Defendants, as Plaintiff's balance of outstanding performer's royalties and Plaintiff's share of profits, as a result of sales based on the musical numbers which are the subject of the contract.

3. Order Defendants to return forthwith to Plaintiff all compositions which are the subjects of the contract and the titles for which are presently in Defendants' name or possession.

4. Order the termination of the contract between all Defendants and Plaintiff resulting in reversion of all rights under said contract to the Plaintiff.

5. Permanently enjoin Defendants from using any of the compositions which are the subject of the contract in any way whatsoever, including sales, rentals, and licensing.

6. Permanently enjoin Defendants from using the copyrights of Plaintiff's musical compositions.

7. Order Defendants to account Plaintiff for all royalties derived by third parties, who, without authorization, have sampled, infringed and licensed Plaintiff's material performed by Plaintiff.

8. The Defendants be adjudged to have committed acts of misappropriation of Plaintiff's property, and to have acted in fraudulent and malicious manner for which Plaintiff is entitled to entry of an award of punitive damages.

9.  The Defendants be adjudged to have been unjustly enriched by their acts of breach of contract and misappropriation, and to have acted in a fraudulent and malicious manner for which Plaintiff is entitled to entry of an award of punitive damages.

10. Award Plaintiff the cost of suit including reasonable attorney's fees incurred herein.

11. Order such other equitable relief as the court may deem proper, together with costs.

### VERIFICATION

I, SANDRA FEVA, declare that the "Verified Complaint for Breach of Contract and Fiduciary Obligation, Misappropriation, Unjust Enrichment and Constructive Trust with Request for Injunctive Relief/Show Cause" is true to the best of my knowledge and belief.

*Sandra Feva*
Sandra Feva
Plaintiff

Date: October 30, 2000

Respectfully Submitted,

*Gregory J. Reed*
GREGORY J. REED (P24750)
Attorney for Plaintiff
1201 Bagley
Detroit, MI 48226
(313) 961-3580

2C:\data\feva\complaint.doc

8